IN THE CIRCUIT COURT OF THE THIRTEENTH CIRCUIT OF FLORIDA
IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

JASON GOODRICH,

    Plaintiff,

CASE NO.: 08 16979

vs.

DIVISION: DIVISION C

CITY OF TAMPA, TAMPA POLICE
DEPARTMENT, and CHRIS CORNELIUS,
Individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JASON GOODRICH, sues Defendants, CITY OF TAMPA, TAMPA POLICE DEPARTMENT and CHRIS CORNELIUS, and states as follows:

### JURISDICTION AND VENUE

1. This is an action that seeks recovery of damages for violation of rights protected by federal and state law, which exceeds $15,000. Regarding the federal rights, this action seeks damages for the deprivation, under color of law, of rights, privileges and immunities secured to JASON GOODRICH, by the Fourth and Fourteenth Amendments to the United States Constitution, pursuant to state law and 42 U.S.C. §1983 and 1988. Specifically, the Plaintiff sues for the deprivation of his rights to be free from false arrest and abuse of process. Regarding the state rights, this action seeks damages for false arrest and abuse of process.

1

## THE PARTIES

2. The Plaintiff, JASON GOODRICH ("GOODRICH"), at all times material hereto is a resident of Hillsborough County, Florida, and is otherwise *sui juris*.

3. Defendant, CITY OF TAMPA, Florida, is a Florida municipal corporation.

4. Defendant, TAMPA POLICE DEPARTMENT, is an entity acting under the scope and direction of the City of Tampa.

5. Defendant, CHRIS CORNELIUS, at all times material hereto, was employed by the Tampa Bay Police Department and was acting under the color of state law.

## COMPLIANCE WITH CONDITIONS PRECEDENT

6. All conditions precedent to this action have been met, including those required by Florida Statute §768.28, through the filing of a notice with the Florida Department of Financial Services and the responsible government entities (see Exhibit "A"). Thus all conditions precedent required by Florida Statute §768.28(6) and (7) have been complied with or have been waived.

## FACTS GIVING RISE TO CAUSE OF ACTION

7. Plaintiff, GOODRICH, is a mortgage broker who is self-employed in Tampa, Florida.

8. Prior to the occurrences complained of herein, he deservedly enjoyed and held the good opinion and credit and esteem of his neighbors and business associates.

9. On January 1, 2007, Plaintiff was a patron at The Amphitheater, Inc. ("the Amphitheater"), located at 1609 E. 7th Ave., Tampa, Florida.

10. He was the designated driver for his date and was not intoxicated. Plaintiff and his date ordered a total of four (4) drinks, two (2) alcoholic and two (2) non-alcoholic.

11. When requested, Plaintiff signed a credit card statement for the drinks.

12. A short time later, one of the bartenders at the Amphitheater, Melissa Kennow, asked Plaintiff to sign a second credit card slip.

13. Plaintiff refused to sign the second slip out of fear for being double charged.

14. Rather than checking for the original receipt, the employees of the Amphitheater called the police to have Plaintiff arrested.

15. Defendant Officer Chris Cornelius ("Cornelius") responded to the scene and advised Plaintiff to sign the debit/credit card receipt.

16. Plaintiff explained to Cornelius that he had already signed one and did not want to sign a second one and be double billed.

17. Rather than conduct a due diligence investigation for the original receipt, Cornelius continued to indicate to Plaintiff that he should sign the receipt. Plaintiff continued to indicate that he had already signed the original receipt.

18. Never during this exchange did Cornelius attempt to obtain the original receipt.

19. Cornelius, acting improperly and without probable cause, arrested Plaintiff at 2:45 a.m.

20. Plaintiff's credit card was charged for the requested amount oat 1:36 a.m. on January 1, 2007.

21. Due to his failure to conduct a due diligence investigation for the original credit card receipt, Cornelius was without an honest, reasonable, and good faith belief that there was cause to arrest Plaintiff.

22. Nonetheless, Plaintiff was handcuffed, taken out of the Amphitheater, and placed in the back of Cornelius's squad car in the presence of Plaintiff's friends and the patrons of the Amphitheater.

23. Cornelius then called the booking officer and advised him to keep Plaintiff overnight and not release him with a Notice to Appear. Therefore, Plaintiff was detained in the city jail overnight.

24. The State Attorney's case against Plaintiff was dismissed on February 27, 2007.

25. Plaintiff is a law abiding citizen who, without probable cause, was arrested and held overnight in the city jail. This experience has left Plaintiff feeling extremely depressed and humiliated. It has also severely damaged his reputation, causing him to lose business and be socially ostracized.

## COUNT I
## FALSE ARREST IN VIOLATION OF 42 U.S.C. §§1983 & 1988 v. CITY OF TAMPA, TAMPA POLICE DEPARTMENT and CHRIS CORNELIUS

26. Plaintiff realleges and incorporates by reference paragraphs 1 – 25 as if stated herein and further alleges as follows:

27. Defendants, CITY OF TAMPA, TAMPA POLICE DEPARTMENT and CORNELIUS, deprived Plaintiff of his freedom from false arrest protected by 42 U.S.C. §1983.

28. Defendants, CITY OF TAMPA, TAMPA POLICE DEPARTMENT and CORNELIUS, deprived Plaintiff of this freedom when they arrested Plaintiff without probable cause or justification due to Defendant CORNELIUS's failure to do his due diligence and obtain the original credit card receipt while acting under color of state law.

29. Defendants, CITY OF TAMPA, TAMPA POLICE DEPARTMENT and CORNELIUS, arrested Plaintiff without establishing probable cause which was lacking against Plaintiff. Thus, Plaintiff was arrested without probable cause, i.e., without a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a conscious man to believe that Plaintiff is guilty of the offense for which he has been charged. These actions deprived Plaintiff of clearly established rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments of the United States Constitution and the law of the United States and the State of Florida.

30. Reasonably well-trained officers would have conducted a due diligence investigation. Specifically, reasonably well-trained officers would have at the very least conducted some kind of search once Plaintiff explained that he had already signed a first credit card receipt, and that he was only refusing to sign the second because he did not want to be double billed. Defendants, CITY OF TAMPA, TAMPA POLICE DEPARTMENT and CORNELIUS, knew or should have known that their actions deprived Plaintiff of his constitutional rights as set forth above. Alternately, Defendants, CITY OF TAMPA, TAMPA POLICE DEPARTMENT and CORNELIUS, were reckless and deliberately indifferent to Plaintiff's constitutional rights as set forth above. Alternately, Defendants, CITY OF TAMPA, TAMPA POLICE DEPARTMENT and CORNELIUS, subjected Plaintiff to such deprivations willfully, intentionally,

maliciously, and with reckless regard of Plaintiff's rights, the nature of which warrant the imposition of punitive damages against the Defendants, CITY OF TAMPA, TAMPA POLICE DEPARTMENT and CORNELIUS, upon appropriate evidentiary proffer as required by §768.72, Fla. Stat.

31. As a result of this unlawful and/or unreasonable and/or malicious attempt to deprive Plaintiff of his rights guaranteed to by the laws of the United States and the State of Florida, the Defendant, CITY OF TAMPA, is liable under 42 U.S.C. §1983 because of a policy of custom. Specifically, Defendant CITY OF TAMPA, through its police department, pursued *de facto* policies, practices, and customs that were a direct and proximate cause of the unconstitutional arrest of Plaintiff and the other deprivations described herein. These policies, practices and customs include:

a. Defendant, CITY OF TAMPA, through the highest ranking available supervisory personnel, approved of, acquiesced to, and/or condoned the violations in general, thereby ratifying and approving the wrongful acts of their officials. Specifically, CITY OF TAMPA's decision makers should not have allowed its agents and employees to arrest Plaintiff without probable cause or due diligence. The CITY OF TAMPA ratified the conduct of its officers and those actions therefore became policy.

b. Defendant, CITY OF TAMPA, failed, through knowing and/or reckless and/or deliberate and/or conscious indifference, to instruct, supervise, control and discipline, on a continuing basis, the duties of personnel and officials to refrain from unlawful actions leading to false arrest against Plaintiff and others. Specifically, the CITY OF TAMPA does not train and/or instruct and/or control its officers because its

officers would not otherwise arrest Plaintiff without probable cause. These deficiencies were the moving force behind Plaintiff's false arrest.

    c.    Defendant, CITY OF TAMPA, did not properly train its personnel despite actual knowledge of their deficiencies and/or through deliberate indifference to those deficiencies. Specifically, the CITY OF TAMPA does not train and/or instruct and/or control its officers because its officer would not otherwise arrest Plaintiff without probable cause. The failure to train was the moving force behind Plaintiff's false arrest. During the course of discovery, Plaintiff will request the disciplinary history and internal affairs files regarding all involved officers to ascertain the level of knowledge of the CITY OF TAMPA and other past incidents of a similar nature.

    d.    Defendant, CITY OF TAMPA, ratified the improper and false arrest of Plaintiff with knowledge of its illegality.

    e.    Defendant, CITY OF TAMPA, approves a police code of silence wherein other officers and supervisors habitually cover up false arrests to exonerate officers from potential civil liability.

    f.    Defendant, CITY OF TAMPA, has a custom of allowing false arrests through a knowing failure to act by policymakers of actions by subordinates that are so consistent and pervasive that they have become accepted customs in the department. Upon information and belief, there have been repeated false arrests of a similar nature to Plaintiff's such that such actions have become custom in the CITY OF TAMPA.

32.    Defendant, CITY OF TAMPA, had the power to prevent or aid in preventing the commission of the aforementioned violations and could have done so by

reasonable diligence: instead, the CITY OF TAMPA, knowingly, recklessly, and with deliberate and/or conscious indifference failed or refused to correct the constitutional violations and/or tacitly approves such wrongs as alleged in paragraph 31.

33.  The Defendants', CITY OF TAMPA, TAMPA POLICE DEPARTMENT and CORNELIUS, actions were both the cause in fact and proximate cause of the following damages suffered by Plaintiff:

   a. Plaintiff was deprived of his civil rights as guaranteed by the Fourth Amendment and Fourteenth Amendment of the Constitution against an unreasonable seizure.

   b. Plaintiff was falsely arrested and handcuffed in full view of his friends and other patrons of the Amphitheater.

   c. The wrongful conduct of Defendants degraded and deprived Plaintiff of his dignity, and deprived him of his feeling of being secure from the gross deprivation of his most basic human and civil rights.

   d. Plaintiff has suffered from lost wages and loss of earning capacity and his reputation was damaged because of said incident.

   e. Plaintiff incurred legal fees and expenses in the past and in the future.

   f. Plaintiff now suffers and will continue to suffer irreparable injury, including but not limited to, low self-esteem and confidence, psychological trauma, pain and suffering, severe mental anguish, nightmares, repression of memories and emotion, humiliation, embarrassment, accommodation, disassociation and aggravation and lost wages and earning capacity on a daily basis for which Defendants are liable.

WHEREFORE, Plaintiff, GOODRICH, demands judgment for compensatory damages, attorney's fees and court costs pursuant to 42 U.S.C. §§1983 and 1988 against Defendants, CITY OF TAMPA, TAMPA POLICE DEPARTMENT and CORNELIUS.

## COUNT II
## ABUSE OF PROCESS v. CITY OF TAMPA, TAMPA POLICE DEPARTMENT and CHRIS CORNELIUS

34. Plaintiff realleges and incorporates Paragraphs 1 – 25 as is stated herein and further states as follows:

35. Defendants, CITY OF TAMPA, TAMPA POLICE DEPARTMENT and CORNELIUS, instigated criminal proceedings against Plaintiff.

36. The proceedings were terminated in favor of the Plaintiff.

37. There was no probable cause to arrest Plaintiff and/or institute proceedings against him.

38. As a result of the actions of Defendants, CITY OF TAMPA, TAMPA POLICE DEPARTMENT and CORNELIUS, Plaintiff suffered the following injuries proximately caused by Defendants:

   a. Plaintiff was deprived of his civil rights as guaranteed by the Fourth Amendment and Fourteenth Amendment of the Constitution against an unreasonable seizure.

   b. Plaintiff was incarcerated overnight due to CORNELIUS's statements to the booking officer rather than being released with a Notice to Appear.

   c. The wrongful conduct of Defendants degraded and deprived Plaintiff of his dignity, and deprived him of his feeling of being secure from the gross deprivation of his most basic human and civil rights.

d.  Plaintiff suffered from lost wages and loss of earning capacity and his reputation was damaged because of said incident.

e.  Plaintiff incurred legal fees and expenses in the past and in the future.

f.  Plaintiff now suffers and will continue to suffer irreparable injury, including but not limited to, low self-esteem and confidence, psychological trauma, pain and suffering, severe mental anguish, nightmares, repression of memories and emotion, humiliation, embarrassment, accommodation, disassociation and aggravation on a daily basis and lost wages and earning capacity for which Defendants are liable.

WHEREFORE, Plaintiff, GOODRICH, demands judgment for compensatory damages, attorney's fees and court costs against Defendants, CITY OF TAMPA, TAMPA POLICE DEPARTMENT and CORNELIUS.

## DEMAND FOR TRIAL BY JURY

The Plaintiff demands judgment for damages in excess of $15,000.00 exclusive of interest and costs against the Defendants and further demands a trial by jury on all issues triable as a matter of right by jury.

Dated this 23rd day of July, 2008.

Nicole M. Cameron, Esq.
Florida Bar #: 0036860
Nicole M. Cameron, P.A.
235 Apollo Beach Blvd., #231
Apollo Beach, FL 33572
Telephone: (813) 645-8787
Facsimile: (866) 674-0164
Attorney for Plaintiff

Form 1.997

Civil Cover Sheet

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. (See instructions on the reverse of the form.)

I.  CASE STYLE

JASON GOODRICH
    Plaintiff(s)

08 16979

vs.
CITY OF TAMPA, TAMPA POLICE DEPARTMENT, and CHRIS CORNELIUS, Individually,
    Defendant(s)

Case #: __DIVISION C__
Judge: _____

II.  TYPE OF CASE   (Place an X in one box only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| Simplified Dissolution | Professional Malpractice | Contracts |
| Dissolution | Products Liability | Condominium |
| Support - IV-D | Auto Negligence | Real Property/Mortgage Foreclosure |
| Support - Non - IV-D | Other negligence | Eminent Domain |
| UIFSA - IV-D | | Challenge to proposed constitutional amendment |
| UIFSA - Non - IV-D | | X Other – civil rights violation |
| Domestic Violence | | |
| Other domestic relations | | |

III.  IS JURY TRIAL DEMANDED IN COMPLAINT?:
      X Yes
        No

Signature of Attorney for Party Initiating Action

_____
Nicole M. Cameron, Esq.
Florida Bar No. 0036860
Nicole M. Cameron, P.A.
235 Apollo Beach Blvd., #231
Apollo Beach, FL 33572
Telephone:  (813) 645-8787
Facsimile:  (866) 674-0164

Dated: 7-23-08